IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY KEYES, | § | |
| | § | No. 420, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| WILMINGTON TRUST, | § | |
| NATIONAL ASSOCIATION, | § | C.A. No. N18L-11-140 |
| NOT IN ITS INDIVIDUAL | § | |
| CAPACITY BUT SOLELY AS | § | |
| TRUSTEE OF MFRA TRUST | § | |
| 2015-1, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 11, 2021
Decided: August 18, 2021
Corrected: August 19, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Timothy Keyes, appeals the Superior Court's November 30, 2020 order granting a writ of possession to Wilmington Trust, National Association, not in its Individual Capacity but Solely as Trustee of MFRA Trust

2015-1 ("Wilmington Trust"). We find no merit to Keyes' appeal. Accordingly, we affirm the Superior Court's judgment.

(2)    In 2006, Keyes executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for New Century Mortgage Corporation. The mortgage—secured by property located at 327 Hazel Drive, Bear, Delaware 19701 ("the Property")—was later assigned to Wilmington Trust. Keyes defaulted on the mortgage in March 2018. On September 20, 2018, Wilmington Trust issued a notice to Keyes informing him of its intent to foreclose on the Property.

(3)    Wilmington Trust filed an *in rem* scire facias sur mortgage action on November 13, 2018. On November 27, 2018, the New Castle County sheriff attempted to serve Keyes but was unsuccessful. An alias praecipe and summons were subsequently issued, and they were also returned undeliverable. On December 27, 2018, the sheriff sent a copy of the writ by first-class and certified mail to Keyes' last known address, and on December 31, 2018, the sheriff posted the writ on the Property. Keyes did not file an answer to the complaint, and the Superior Court entered a default judgment in Wilmington Trust's favor on March 12, 2019.

(4)    Wilmington Trust scheduled a sheriff's sale for June 11, 2019. On the eve of the scheduled sale, Tara Goree—acting on Keyes' behalf under a statutory power of attorney executed by Keyes on August 14, 2018—filed a bankruptcy

2

petition in the United States Bankruptcy Court for the District of Delaware. The filing of the petition triggered an automatic stay of the sheriff's sale under 11 *U.S.C.* § 362(a). On July 9, 2019, the Bankruptcy Court dismissed Keyes' petition with prejudice and prohibited Keyes from filing for bankruptcy relief for two years. The court's order further directed that, in the event that Keyes filed a bankruptcy petition in violation of its terms, the filing would not invoke an automatic stay.

(5) The sheriff's sale of the Property was rescheduled for October 8, 2019. On October 7, 2019, Goree filed another petition for bankruptcy on Keyes' behalf. In an addendum to the petition, Goree noted that Keyes' residence was the subject of pending foreclosure proceedings. Pursuant to the court's prior order, the filing of this second petition did not trigger an automatic stay, and the sale took place as scheduled. Neither Keyes nor Goree acting on his behalf filed any objection to the sale, and the Superior Court confirmed the sale of the Property on November 22, 2019.

(6) In August 2020, Keyes filed a motion to vacate the default judgment and sheriff's sale and to stay any future writs of possession under Superior Court Civil Rule 60(b), arguing that he was not properly noticed of the foreclosure proceedings. Following a hearing on the motion, the Superior Court denied it on October 5, 2020.

3

(7)     On October 6, 2020, Wilmington Trust filed a petition for writ of possession. The Superior Court issued a notice to Keyes to show cause why the writ should not be granted and scheduled a hearing for November 30, 2020. Keyes failed to appear at the November 30, 2020 hearing, and the Superior Court awarded possession of the property to Wilmington Trust. This appeal followed.

(8)     On appeal, Keyes again argues that he was not properly served notice of the foreclosure action.[1]  Superior Court Civil Rule 4(f)(4) provides that, in a foreclosure proceeding, service is complete upon the return of two consecutive writs along with the certification by the sheriff that he has posted a copy of the alias writ on the subject property and has mailed a copy of the alias writ by both certified and first-class mail to the last known address of the defendant. Because the record reflects that the procedures Wilmington Trust used to effect service on Keyes fully complied with the requirements of Rule 4(f)(4), we conclude that Keyes' claim that he had not been properly served is without merit. Moreover, we note that Goree, who knew of the foreclosure proceedings, could have participated in the proceedings

---

[1] Keyes also seems to argue that Wilmington Trust could not proceed with a foreclosure action because he had received a notice from Wilmington Trust's loan servicer that the amount of his loan payment was going to change. Keyes appears to believe that this notice constituted evidence of a loan modification as contemplated by the Consumer Financial Protection Bureau Regulation § 1024.41(g). Section 1024.41(g) prohibits a loan servicer from moving forward with foreclosure proceedings if a borrower has filed a request for loss mitigation options with the loan servicer under certain circumstances. But there is no evidence that Keyes sought loss mitigation options from the servicer here. The notice to which Keyes refers simply reflects that, as contemplated by the loan agreement, a change in the loan's interest rate was about to occur.

in the Superior Court on Keyes' behalf.  Accordingly, we affirm the Superior Court's order granting a writ of possession to Wilmington Trust.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice